# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**WRIGHT MANUFACTURING, INC.**
**Patent Owner/Appellant**

**v.**

**THE TORO COMPANY**
**Third Party Requester/ Appellee**

**Reexamination No: 95/001,741**

## NOTICE FORWARDING CERTIFIED LIST

A Notice of Appeal to the United States Court of Appeals for the Federal

Circuit was timely filed on April 14, 2014, in the United States Patent and

Trademark Office in connection with the above identified *inter partes* re-

examination proceeding. Pursuant to 35 U.S.C. § 143, and Fed. Cir. R. 17(b)(1),

a Certified List is this day being forwarded to the Federal Circuit.

Respectfully submitted,

Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

By: _Kyra Abraham_____
Kyra Abraham
Paralegal
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

Date: June 3, 2014

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing has been served on Appellant and Appellee this 3rd day of June, 2014,

as follows:

James W. Miller
Rand Tower, Suite 1960
527 Marquette Avenue
Minneapolis, MN 55402


Joseph A. Rhoa
NIXON & VANDERHYE
901 N. Glebe Road, 11th Floor
Arlington, VA 22203


By: _Kyra Abraham_
Kyra Abraham
Paralegal
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

Form PTO 55 (12-80)

## U.S. DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

**June 3, 2014**

(Date)

**THIS IS TO CERTIFY** that the attached document is a list of the papers that comprise the record before the United States Patent and Trademark Office. Said list was compiled from the electronic file of the *Inter Partes* Reexamination proceeding identified below:

**Patent Owner(s): WRIGHT MANUFACTURING, INC.**

**Reexamination No. 95/001,741**

**Filed: September 6, 2011**

**Title of Invention:     POWER LAWN MOWER INCLUDING SHORTENED CONTROL ARMS FOR USE IN DECK LIFT SYSTEM**

By authority of the

**DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

*Certifying Officer*



## Prosecution History Ser. No. 95/001,741

| DATE | DOCUMENT |
| --- | --- |
| 09/06/2011 | REQUEST FOR INTER PARTES REEXAMINATION |
| 09/21/2011 | NOTICE OF ASSIGNMENT OF INTER PARTES REEXAMINATION REQUEST |
| 09/21/2011 | NOTICE OF INTER PARTES REEXAMINATION REQUEST FILING DATE |
| 11/09/2011 | NON-FINAL OFFICE ACTION |
| 11/09/2011 | ORDER GRANTING REQUEST FOR INTER PARTES REEXAMINATION |
| 01/05/2012 | INFORMATION DISCLOSURE STATEMENT |
| 01/09/2012 | AMENDMENT/RESPONSE TO OFFICE ACTION |
| 02/08/2012 | INFORMATION DISCLOSURE STATEMENT |
| 02/08/2012 | THIRD PARTY REQUESTER COMMENTS |
| 02/25/2012 | ACTION CLOSING PROSECUTION |
| 05/02/2012 | RIGHT OF APPEAL NOTICE |
| 06/04/2012 | NOTICE OF APPEAL - OWNER |
| 06/18/2012 | NOTICE OF CROSS APPEAL - THIRD PARTY REQUESTER |
| 08/20/2012 | APPELLANT'S BRIEF - OWNER |
| 08/20/2012 | CROSS-APPELLANT'S BRIEF - REQUESTER |
| 09/19/2012 | RESPONDENT BRIEF- REQUESTER |
| 09/20/2012 | RESPONDENT BRIEF- OWNER |
| 09/24/2012 | EXAMINER'S ANSWER |
| 10/24/2012 | REBUTTAL BRIEF- REQUESTER |
| 10/24/2012 | REBUTTAL BRIEF - OWNER |
| 10/24/2012 | REQUEST FOR ORAL HEARING - OWNER |
| 11/23/2012 | REQUEST FOR ORAL HEARING - REQUESTER |
| 11/30/2012 | NOTICE OF ENTRY OF REBUTTAL BRIEFS |
| 01/04/2013 | APPEAL DOCKETING NOTICE |
| 01/24/2013 | NOTICE OF HEARING |
| 01/30/2013 | CONFIRMATION OF HEARING - OWNER |
| 02/06/2013 | CONFIRMATION OF HEARING - REQUESTER |
| 06/21/2013 | DECISION ON APPEAL |
| 07/19/2013 | REQUEST FOR REHEARING - OWNER |
| 07/19/2013 | RECORD OF ORAL HEARING |
| 08/17/2013 | OPPOSITION TO REQUEST FOR REHEARING - REQUESTER |
| 02/14/2014 | DECISION ON REQUEST FOR REHEARING |

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

WRIGHT MANUFACTURING, INC.
    Petitioner or Appellant,

v.

UNITED STATES PATENT AND
TRADEMARK OFFICE,
    Respondent or Appellee.

### NOTICE OF APPEAL

Please take notice that under 35 U.S.C. §§ 141 and 142 and 37 C.F.R. § 1.983, Patent Owner, Wright Manufacturing, Inc. ("Appellant"), hereby appeals to the United States Court of Appeals for the Federal Circuit for review of: (a) the "Decision on Appeal" of Appeal No. 2013-002864, Reexamination Control No. 95/001,741, of the United States Patent and Trademark Office, the Patent Trial and Appeal Board, entered on June 21, 2013; and (b) the Patent Trial and Appeal Board's "Decision on Request for Rehearing," dated on Feb. 14, 2014, both of which were entered in the above-referenced *inter partes* reexamination proceeding. Courtesy copies of both the "Decision on Appeal" and the "Decision on Request for Rehearing" are attached.

1

Respectfully submitted,

Dated: April 14, 2014                    By:    /s/ Joseph A. Rhoa
                                                Joseph A. Rhoa
                                                Reg. No. 37,515
                                                Attorney for Appellant

                                                NIXON & VANDERHYE P.C.
                                                (Customer No.: 23117)
                                                901 North Glebe Road
                                                11th Floor
                                                Arlington, VA  22203
                                                Tel: (703) 816-4000
                                                Fax: (703) 816-4100

2

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2014, a copy of the foregoing NOTICE OF

APPEAL was mailed, First Class U.S. mail, postage prepaid to:

> James W. Miller
> 527 Marquette Avenue
> Suite 1960, Rand Tower
> Minneapolis, MN 55402

*/s/ Joseph A. Rhoa*
Joseph A. Rhoa



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,741 | 09/06/2011 | 6,438,931 | 26.0.3.317/A | 3341 |

7590          06/21/2013
NIXON & VANDERHYE PC
901 NORTH GLEBE ROAD
11th FLOOR
ARLINGTON, VA 22203

| EXAMINER |
|---|
| JASTRZAB, JEFFREY R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/21/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

THE TORO COMPANY
Requester, Cross-Appellant, Respondent

v.

WRIGHT MANUFACTURING, INC.
Patent Owner, Appellant, Respondent

---

Appeal 2013-002864
*Inter partes* Reexamination Control 95/001,741
Patent US 6,438,931 B1[1]
Technology Center 3900

---

*Before* RICHARD M. LEBOVITZ, JEFFREY B. ROBERTSON and
DANIEL S. SONG, *Administrative Patent Judges*.

SONG, *Administrative Patent Judge*

DECISION ON APPEAL

---

[1] Patent US 6,438,931 B1 (hereinafter "'931 patent") issued August 27, 2002,
to Velke et al.

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

## STATEMENT OF THE CASE

Claims 1-40 stand rejected and are the subject of the present appeal, claims 15-40 having been added during the reexamination (RAN[2] PTOL-2066; ABPO 3; CABR 1). The Patent Owner appeals under 35 U.S.C. §§ 134(b) and 315 (2002) from the rejection of claims 1-40 as discussed *infra.* The Requester cross-appeals under 35 U.S.C. §§ 134 and 315 from the Examiner's refusal to enter various proposed rejections of claims 1-7 and 9-14 (CABR 1). We have jurisdiction under 35 U.S.C. §§ 134(b) and 315.

In addition to their respective briefs, the Patent Owner also relies on the declaration of inventor William R. Wright while the Requester also relies on the declaration of Garry Busboom, who is a named inventor of an applied prior art and employee of Exmark Manufacturing Company, Inc., which is a wholly owned subsidiary of the Requester (Resp. Br. R 1). We also note that the '931 patent is involved in the legal action *Wright Manufacturing, Inc. v. The Toro Company and Exmark Manufacturing Company, Inc.*, 11-cv-01373-MJG (D. Maryland) which has been stayed pending the outcome of the present reexamination proceedings (ABPO 2; CABR 1).

---

[2] Because the Examiner's Answer mailed September 24, 2012 merely incorporates the Right to Appeal Notice mailed May 2, 2012, we refer to the same in this decision. We also refer to and address only specific portions of the record necessary to the disposition of the appeal, abbreviating the documents as follows:
 1. Right of Appeal Notice = RAN
 2. Appeal Brief of Patent Owner = ABPO
 3. Rebuttal Brief of Patent Owner = Reb. Br. PO
 4. Respondent Brief of Patent Owner = Resp. Br. PO
 5. Cross-Appeal Brief of Requester = CABR
 6. Respondent Brief of Requester = Resp. Br. R

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

The application that issued as the '931 patent is the parent of a continuation application which issued as US 6,935,093 and is the subject of Reexamination Control 95/001,742 and Appeal No. 2013-002900 (ABPO 2; CABR 1). A combined oral hearing with the representatives of the Patent Owner and Requester with respect to the present case and the related case was held before the Patent Trial and Appeal Board on May 1, 2013, and a transcript thereof will be entered into the electronic record in due course. The Board's decision with respect to Appeal No. 2013-002900 is mailed concurrently with this decision.

We AFFIRM with respect to the Appeal of the Patent Owner. In addition, because our decision with respect to the Appeal of the Patent Owner maintains the rejections of all of the claims, we do not reach the Requester's Cross-Appeal.[3]

---

[3] In presenting the Requester's cross-appeal during the Oral Hearing, the Requester's representative Mr. Miller stated:

MR. MILLER: ...
    Well, with that, we think that if you tipped -- you know, this whole set of rejections that are at issue in the cross-appeal are moot in a sense, if the basic set of rejections is maintained. They were proposed because in the inter partes reexamination due to the estoppel effect, you need to make the arguments.
    I think they are good rejections, should the first set of rejections be, for some reason, not upheld, but like I said, I think they are moot in the event the main set of rejections would be upheld.

3

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

## THE INVENTION

The '931 patent describes a mower and representative independent

claim 9 reads as follows (ABPO, Claims App'x, emphasis added):

9.    A power mower comprising:
      at least one drive wheel;
      an engine deck structure upon which an engine is
mounted;
      a cutter deck assembly for housing one or more cutting
blades for cutting grass;
      *a deck lift system for raising and lowering the cutter deck
assembly, the engine deck, and the engine together as a unit* in
order to adjust a blade cutting height of the mower; and
      wherein *a control arm,* for helping provide lateral
positioning of the cutter deck assembly during the raising and
lowering, *is short enough in length so that pivoting of the
control arm an angle φ of fifteen (15) degrees during raising or
lowering of the cutter deck assembly causes the cutter deck
assembly to move a vertical distance "d" of no more than about
2.5 inches.*

Independent claim 1 is similar to claim 9, but further specifies "zero

radius turn[]" capability and requires control arms be attached to one of the

cutter deck and the engine deck.

## PRIOR ART

The prior art in the appeal record is:

| | | |
|---|---|---|
| Wright | 5,507,138 | Apr. 16, 1996 |
| Musgrave | 3,460,325 | Aug. 12, 1969 |
| Busboom | 5,816,033 | Oct. 6, 1998 |
| Hale | 3,402,536 | Sep. 24, 1968 |
| Hale | 3,408,798 | Nov. 5, 1968 |
| Velke | 5,809,755 | Sep. 22, 1998 |
| Velke | 5,984,031 | Nov. 16, 1999 |

4

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

| Berrios | 5,653,466 | Aug. 5, 1997 |
| Cox | Australia 271377 | Nov. 18, 1965 |

Exmark Manufacturing Company, Inc., "*Lazer Z Brochure*", 1995

## FINDINGS OF FACT

The record supports the following findings of fact (FF) by a preponderance of the evidence.

1. A. Wright discloses a zero turn radius mower wherein the "[m]ower deck 9 is mounted on and below frame 11 in front of engine 7 and engine deck 13[,]" and further discloses that "mower deck 9 is mounted on and connected to both engine deck 13 and frame 11" (col. 4, ll. 27-34; Fig. 2).

B. However, Wright does not disclose the manner in which the mower deck is mounted/connected to the frame and engine deck, or require that the mower deck be fixed in position relative to the engine deck so as to preclude relative movement therebetween.

C. Wright also states that "[m]ower deck 9 (or alternatively the mower wheels) is vertically movable or adjustable so as to adjust the height of the cut." (Col. 4, ll. 36-39).

D. However, Wright does not specifically disclose the details of the height of cut adjustment mechanism.

2. A. Busboom discloses a zero turn radius mower including a mower deck height control for adjusting the height of cut (Abst.; Figs. 1, 3, 4).

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

B.  The mower 10 of Busboom includes a frame means 12, an
engine support deck 18, an engine 20 and a mower deck 28 (col. 2,
ll. 52-60; col. 2, l. 66-col. 3, l. 1; Figs. 1, 3).

C.  Busboom discloses that the mower deck is supported by a
plurality of chain members 42 which are connected to a mower
deck height control mechanism 44 that enables the mower deck to
be raised or lowered with respect to the frame 12 (col. 3, ll. 4-9;
Figs. 1, 3).

D.  Busboom teaches that the deck height control mechanism 44
further includes lift arms 82, 76 to which the chain members 42 are
secured, and is operated by actuation of a control lever 54 (col. 3, ll.
20-32; col. 3, ll. 45-49; Fig. 4).

E.  Busboom also teaches that the mower 10 includes a stabilizer
rod 40 that connects mower deck 28 to frame 12 "in conventional
fashion." (Col. 3, ll. 2-4; Fig. 3).


3. A.  Cox discloses a mower with an adjustable frame 24, an engine
mounted to the adjustable frame 24, and a rotor disc 31 with blades
32 (pg. 4, ll. 5-18; Figs. 1, 2).

B.  Cox teaches that the height of cut is adjusted by raising and
lowering the adjustable frame 24 via height adjustment lever 33
which changes the height of the rotor and blades (pg. 4, ll. 19-22;
Figs. 1, 2).  Thus, the engine mounted on the adjustable frame 24 is
also raised and lowered.

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

4. A.  Musgrave discloses a mower including a motor 21 mounted on

plate 20 and a mower deck 50 mounted to plate extensions 37 of

plate 16 with slots 13 (col. 2, ll. 17-26, 38-44; col. 3, ll. 25-28; col.

4, ll. 55-61; Figs. 1, 2).

B.  Musgrave teaches that the vertical height adjustment is attained

by raising or lowering the entire connected structure including the

motor, plate 20 and mower deck 50 (col. 4, ll. 55-63; Figs. 1, 2).

5.    Hale '536 discloses a vehicle 20 with a mower unit 36 which is

connected to linkage members 136 (i.e., control arms) to rear axle 26

(col. 2, ll. 25-37; col. 4, ll. 53-66).

6.    Hale '798 discloses a mower with a circular mower frame 94

(i.e., mower deck) which is connected to control arms 86, 87 that are

connected to a support bar 83 (col. 4, l. 68-col. 5, l. 12; Figs. 1, 2, 6).

7. A.  Velke '031 discloses a zero-turning radius mower with a cutter

deck 1, an engine 9 mounted on an engine deck 3 and a standing

platform 18 (col. 5, ll. 13-16, 32-46; Figs. 1, 2).

B.  Velke '031 states that "the mower and cutter decks are separate

structures for performing different functions" (col. 5, ll. 32-33), and

that the cutting deck 1 is mounted to the engine deck 3 (col. 11, l.

66-col. 12, l. 2).

C.  In the mower of Velke '031, the height of cut adjustment is

disclosed as being achieved by adjusting the mounting position of

7

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

the wheel motor brackets 157 for the rear drive wheels 7 along
numerous mounting holes 169 provided, together with adjusting the
vertical position of the front caster wheels 5 (col. 5, ll. 32-46; col.
11, ll. 52-58; Figs. 1, 3, 10).

## PRINCIPLES OF LAW

In *KSR*, the Supreme Court reaffirmed principles based on its
precedent that "[t]he combination of familiar elements according to known
methods is likely to be obvious when it does no more than yield predictable
results." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 416 (2007). The Court
also stated that "when a patent claims a structure already known in the prior
art that is altered by the mere substitution of one element for another known
in the field, the combination must do more than yield a predictable result."
*Id.* The Court also explained that "[w]hen a work is available in one field of
endeavor, design incentives and other market forces can prompt variations of
it, either in the same field or a different one. If a person of ordinary skill can
implement a predictable variation, §103 likely bars its patentability." *Id.* at
417. The Court further noted that "[a] person of ordinary skill is also a
person of ordinary creativity, not an automaton." *Id.* at 421.

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

## EXAMINER'S REJECTIONS

The Examiner rejects the following claims of the '741 patent under 35
U.S.C. § 103(a) as obvious over the cited prior art references:[4]

5.  Claims 1-3, 7, 9-11 and 13 over Wright in view of Cox,
Musgrave, Busboom, Hale '536 and Hale '798.

6.  Claims 4-6 and 12 over Wright, Cox, Musgrave, Busboom, Hale
'536 and Hale '798 in view of Lazer Z.

7.  Claim 8 over Wright, Cox, Musgrave, Busboom, Hale '536 and
Hale '798 in view of Velke '755.

8.  Claim 14 over Wright, Cox, Musgrave, Busboom, Hale '536 and
Hale '798 in view of Berrios.

9.  Claims 1-3, 7, 9-11 and 13 over Velke '031 in view of Cox,
Musgrave, Busboom, Hale '536 and Hale '798.

10. Claims 4-6 and 12 over Velke '031, Cox, Musgrave, Busboom,
Hale '536 and Hale '798 in view of Lazer Z.

11. Claim 8 over Velke '031, Cox, Musgrave, Busboom, Hale '536
and Hale '798 in view of Velke '755.

12. Claim 14 over Velke '031, Cox, Musgrave, Busboom, Hale '536
and Hale '798 in view of Berrios.

14. Claims 1-3, 7, 9-11, 13 and 14 over Cox in view of Busboom,
Hale '536 and Hale '798.

15. Claims 4-6 and 12 over Cox, Busboom, Hale '536 and Hale '798
in view of Lazer Z.

---

[4] For clarity, the following enumerated Rejections utilize numbering that
corresponds to the numbering of the "Issues" used by the Patent Owner in its
briefs and by the Examiner in the RAN.

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

16. Claims 1-3, 7, 9-11, 13 and 14 over Musgrave in view of Busboom, Hale '536 and Hale '798.

17. Claims 4-6 and 12 over Musgrave, Busboom, Hale '536 and Hale '798 in view of Lazer Z.

26. Claims 15-20, 22-23, 30-31, 33, 35 and 37-40 over Wright in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798.

27. Claims 28-29 over Wright, Cox, Musgrave, Busboom, Hale '536, Hale '798 and Velke '755.

28. Claim 34 over Wright, Cox, Musgrave, Busboom, Hale '536, Hale '798 and Velke '031 or Berrios.

29. Claims 15-20, 22-23, 30-31, 33-35 and 37-40 over Velke '031, Cox, Musgrave, Busboom, Hale '536 and Hale '798.

30. Claims 28-29 over Velke '031 in view of Cox, Musgrave, Busboom, Hale '536, Hale '798 and Velke '755.

31. Claims 21, 24-27, 32 and 36 over Wright in view of Cox, Musgrave, Busboom, Hale '536, and Hale '798.

32. Claims 21, 24-27, 32 and 36 over Velke '031 in view of Cox, Musgrave, Busboom, Hale '536, and Hale '798.

ISSUES

The following dispositive issues have been raised in the present appeal:

1.    Whether the Examiner erred in concluding that the claims are obvious principally based on the combination of Wright in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798.

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

    2.      Whether the Examiner erred in concluding that the claims are obvious principally based on the combination of Velke '031 in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798.

## ANALYSIS

### Rejections 5-8, 26-28 and 31

Rejections 5-8, 26-28 and 31 are all based principally on the combination of Wright in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798. Both of the independent claims 1 and 9, as well as claims 2, 3, 7, 10, 11 and 13 that ultimately depend therefrom, stand rejected in Rejection 5 as unpatentable over this combination of prior art (RAN 2-10). The Examiner finds that Wright teaches a zero turn radius mower with a foot platform where the mower deck is "mounted on and connected to" the engine deck and the frame (RAN 2; *see also* FF 1A). However, the Examiner concedes that Wright "fails to teach that vertical adjustment of the mower deck enables movement of both the engine and the mower as one unit and fails to teach the specifics of the vertical deck adjustment mechanism." (RAN 2-3) (i.e., the recited "deck lift system for raising and lowering the cutter deck assembly, the engine deck, and the engine together as a unit in order to adjust a blade cutting height of the mower" of the claims). Indeed, while Wright suggests including a mechanism for adjusting the height of cut (also referred to herein as "HOC"), it does not actually disclose a specific mechanism for doing so (FF 1B-1D).

For the actual HOC adjustment mechanism and the control arm, the Examiner relies Busboom that discloses a mower with "bell cranks 82, 104

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

and 76, 86, deck suspension chains 42, counterbalance springs 96, adjustment handle 54, height control pin 106[,] and control arms 40 pivotally connected to the mower deck (Figure 3)." (RAN 3). The Examiner concludes that "[i]t would have been obvious to one having ordinary skill in the art at the time of the invention, given the Wright suggestion of vertical height adjustability to have incorporated the Busboom HOC structures into the mower of Wright '138 as a mere substitution of known mechanisms for making mower decks 'vertically moveable or adjustable.'" (RAN 3; *see also* FF 2A-2E). The Examiner also finds that HOC adjustment in which "the engine moves with the cutting deck were well known in the art at the time of the invention" as evidenced by both Cox and Musgrave (RAN 3; *see also* FF 3A-4B). The Examiner states that given the teachings of Cox and Musgrave, "it would have been obvious to have arranged the modified Wright HOC adjustment to allow for the engine to move in concert with the deck structure as such HOC structures were well established alternatives for allowing an operator to change the cutting height." (RAN 3).

The Examiner concedes that "Wright as modified by Busboom, Cox and Musgrave would not necessarily provide for the claimed control arm length[.]" (RAN 3). However, the Examiner finds that Hale '536 and Hale '798 establish that different length control arms were known in the art and states that "[g]iven these combined teachings, merely adjusting the control arm length in the modified Wright system would have amounted to an obvious choice in engineering design in order to effect a desired range of vertical height adjustment." (RAN 4; *see also* FF 5, 6).

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

Thus, the Examiner's position is that it would have been obvious to apply the HOC adjustment mechanism of Busboom including the disclosed chains and control arm to provide stable, vertical adjustability to the deck of Wright wherein the engine moves with cutting deck as known in the art as demonstrated by Cox/Musgrave. The Examiner's position is supported by a preponderance of the evidence. We address the Patent Owner's arguments *infra*.

The Patent Owner argues that even if the prior art references are combined, such combination does not result in the recited angle because the control arm of Busboom is too long (ABPO 11-12; *see also* Decl. of Wright ¶ 6). According to the Patent Owner, Busboom requires a control arm in order to stabilize the mower deck which is suspended by chains, and requires the long length to prevent slackening or tightening of the belt by minimizing fore/aft movement during raising and lowering of the mower deck (ABPO 12-13; *see also* Decl. of Wright, ¶ 7). In contrast, the Patent Owner asserts that in the claimed invention, engine and deck moves together so that slack in the belt is not an issue (ABPO 13). The Patent Owner argues that there is no teaching or suggestion to adjust control arm length or recognition that it is a result effective variable that is to be optimized (ABPO 14). The Patent Owner further argues that both of the Hale references are directed to automatic leveling systems that cannot be implemented in Wright (App. Br. 15-16).

The Patent Owner's arguments are unpersuasive because they do not take into account what the collective teachings of the prior art. *See In re Keller*, 642 F.2d 413, 425 (CCPA 1981) ("The test for obviousness is not

13

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

whether the features of a secondary reference may be bodily incorporated into the structure of the primary reference; nor is it that the claimed invention must be expressly suggested in any one or all of the references. Rather, the test is what the combined teachings of the references would have suggested to those of ordinary skill in the art"). It is not necessary that the inventions of the references must be physically combinable, without change, to render obvious the invention under review. *See In re Sneed*, 710 F.2d 1544, 1550 (Fed. Cir. 1983).

As the Examiner noted, Wright suggests a mechanism for adjusting the height of the mower deck, but fails to disclose the specifics thereof (FF 1C, 1D). Absent such information, one of ordinary skill in the art would have logically considered known HOC adjustment mechanisms to implement in the mower of Wright. Busboom is one such known mechanism. When implementing the HOC adjustment mechanism of Busboom in the mower of Wright, we agree with the Examiner (RAN 4) that it would have been obvious to provide control arms that are sized to be appropriate to the application so that when applied to the compact standing mower of Wright which has a compact frame, the control arms would be shorter than that disclosed in Busboom.[5] (RAN 5). In this regard, we agree with the Requester that "[t]he logical reason for making the control arms shorter was merely to fit them into the more compact form of mower that

---

[5] While not forming the basis of our decision, we also observe that size is not ordinarily a patentable feature. *In re Rose*, 220 F.2d 459, 463 (CCPA 1955) ("size of the article under consideration [] is not ordinarily a matter of invention"); *see also Gardner v. TEC Systems, Inc.*, 725 F.2d 1338, 1346, (Fed. Cir. 1984); *In re Kirke*, 40 F.2d 765, 767 (CCPA 1930).

14

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

Wright had **already** invented and patented '138 - to fit what Owner acknowledges in Wright '138 was the 'reduced overall length ' of the mower." (Resp. Br. R 9). We further agree with the Examiner (RAN 6) that the resultant application of the control arm into the existing compact structure satisfies the recited stabilization function.

The Patent Owner also argues that a person of ordinary skill in the art would not provide Busboom's control arm in the mower of Wright because there is no room and it would require substantial reconstruction and redesign rendering Wright unsuitable for its intended purpose of providing compact stand-on mower (ABPO 18-20). Again, these arguments are unpersuasive because they are based on bodily incorporation and fail to consider the combined teachings of the art and the skill of one of ordinary skill in the art. *See In re Keller*, 642 F.2d at 425; *In re Sneed*, 710 F.2d at 1550. Persuasive evidence has not been provided that implementing Busboo's HOC adjustment mechanism in Wright's mower by appropriately sizing it to fit would have been beyond the skill of those in the art. *KSR,* 550 U.S. at 417.

The Patent Owner contends that Wright has no chains and there is no need to provide a control arm because "the cutter deck 9 in Wright is already structurally connected to engine deck 13 and frame 11." (ABPO 18, 23). The Patent Owner further argues that neither Cox nor Musgrave discloses any uncontrolled lateral movement and "[o]ne would not have added a control arm to Wright/Musgrave or Wright/Cox to address an alleged problem that did not exist or, at worst, was already solved." (ABPO 24-25).

However, as noted above, while Wright suggests a HOC adjustment mechanism, it does not disclose a particular mechanism. Hence, when the

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

HOC adjustment mechanism of Busboom which includes chains is
implemented in the mower of Wright, a person of ordinary skill in the art
would have also provided a stabilizer rod (i.e., a control arm) disclosed in
Busboom for stabilization of the mower deck. While the mower of Wright
discloses that the "mower deck 9 is mounted on and connected to both
engine deck 13 and frame 11" (FF 1A), this does not preclude relative
movement between the mower deck and the engine deck (*see* Resp. Br. PO
11-12 (Patent Owner agreeing with the Examiner that the mower deck and
the engine deck of Wright can be "mounted on" each other and "connected,"
but "not necessarily move up/down together as one unit.")[6]; *see also* FF 4A,
4B). Wright also does not teach against the use of a mower deck supported
by chains which is well-known in the art and indeed present in the Busboom
mower (*see* Busboom, Figs. 3, 4) and not in dispute between the parties.
Thus, while the Patent Owner asserts that a control arm may not be
necessary in a mower based on the combination of Wright/Musgrave or
Wright/Cox, when the mower deck height control mechanism 44 of
Busboom with its chains is implemented in the Wright's mower to provide
the various functions thereof, a control arm would be desirable to stabilize
the mower deck.

The Patent Owner also argues that Wright criticizes sit-down mowers
like that of Busboom (ABPO 18-20). However, while Wright may criticize

---

[6] In response to questioning regarding relative movement between the
engine, the engine deck and the cutting deck in the mower of Wright, the
Patent Owner's legal representative Mr. Rhoa also stated:

MR. RHOA: Wright 138, yes. Is it possible that there is some
movement there between? Yes, it's possible.

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

sit-down mowers because of high centers of gravity and the difficulty of users in ducking under low hanging tree limbs (*see* Wright, col. 1, l. 60-col. 2, l. 6), this teaching does not provide a correlation between the HOC adjustment mechanisms known in the art and the seating position of the user. Thus, the criticism in Wright with respect to seating position would not dissuade one of ordinary skill in the art from implementing the HOC adjustment mechanism that is also taught in Busboom. Furthermore, as noted by the Requester, Wright '138 also "criticizes" many different kinds of mowers which would, according to the Patent Owner's logic, result in the untenable position of removing a substantial body of art pertinent to mowers from consideration (Resp. Br. R 15 and citations therein). Nonetheless, a known or obvious product "does not become patentable simply because it has been described as somewhat inferior to some other product for the same use." *In re Gurley*, 27 F.3d 551, 553 (Fed. Cir. 1994).

Finally, the Patent Owner takes issue with the Examiner's statement that "[g]iven these combined teachings, merely adjusting the control arm length in the modified Wright system would have amounted to an obvious choice in engineering design in order to effect a desired range of vertical height adjustment." (RAN 4). The Patent Owner argues that the "proposed rationale for the alleged shortening of Busboom's control arm length is technically inaccurate and fundamentally flawed" because the length of the control arm in Busboom "does ***not*** determine or effect the range of vertical height adjustment of the cutter deck." (ABPO 17, *citing* Decl. of Wright ¶ 8). The Patent Owner argues that "the length of control arm 40 in Busboom

17

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

has nothing to do with determining/effecting the range of vertical height adjustment of the cutter deck." (ABPO 18).

We are not persuaded that the Examiner erred. Firstly, the Patent Owner misstates the Examiner. The Examiner did not say that the control arm *"determine[s]* or effect the range of vertical height adjustment *of the cutter deck"* as asserted by the Patent Owner (emphasis added). Secondly, the Examiner stated that the phrase has been taken "out of context" by the Patent Owner and in view of the apparent misunderstanding, explained that "[c]learly it is not the control arms that control the height adjustment. In the proposed rejection, the control arms allow, thus effect, *the vertical height range that was claimed for the control arms*, but do not actually perform, i.e. directly cause the height adjustment." (RAN 6, emphasis added). In other words, by virtue of their connection to the mower deck, the control arms move as the vertical height of the mower deck is adjusted to result in the vertical height adjustment range *of the control arm* of "no more than about 2.5 inches" as articulated in the claims. Indeed, the paragraph in which the statement at issue occurs sets the context by beginning with the statement that "Wright as modified by Busboom, Cox and Musgrave would not necessarily provide for the claimed control arm length, i.e. that they are short enough such that 15 degree angular movement *corresponds to 2.5 inches of vertical adjustment as claimed*." (RAN 3-4, emphasis added). Thus, we agree with the Examiner that the Patent Owner has taken the statement at issue "out of context," and the Examiner has adequately clarified the statement misunderstood by the Patent Owner.

18

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

Thirdly, the crux of the Examiner's articulated reason for the rejection
is that "merely adjusting the control arm length in the modified Wright
system would have amounted to an obvious choice in engineering design"
based on the evidence of record including Busboom and the Hale references
(RAN 3-4). In this regard, the Examiner also stated that:

> Those having ordinary skill in the art would have understood
> that in incorporating the HOC structures of a sitting mower into
> a more compact standing mower as Wright as suggested in the
> rejection, that certain aspects would have needed to be adjusted
> to accommodate the parts... Plainly, those in the art would have
> understood that moving the Busboom HOC structures to a
> compact frame would have required shorter control arms,
> especially when the art was well aware that different frame
> structures require different length control arms as evidenced by
> the Hale patents.
> (RAN 5).

In addition, the Examiner further stated that:

> Those having ordinary skill in the art would have understood
> that when stabilization was required, control arms can be used
> as evidenced by any of Busboom or the Hale patents. Clearly it
> can be gleaned from those teachings that control arms do not
> have a finite length, but are instead dependent upon the distance
> between the mower deck and the portion of the frame that the
> engineer/designer sees fit to establish the requisite degree of
> stability. When attempting to stabilize in a more compact
> mower design such as Wright's, it is only reasonable to
> conclude that those in the art would have understood that
> shorter control arms would have been required to fit into that
> more compact system.
> (RAN 6-7).

Finally, we highlight the fact that the explanation for the statement at
issue was first provided in the Action Closing Prosecution of February 25,
2012, pages 4-6. Thus, the Patent Owner had ample opportunity to respond,

19

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

and the Patent Owner did respond, to the substance of the rejection as discussed above. To the extent that the Patent Owner believes that the clarification changed the ground of rejection as articulated in the Non-Final Office Action, the Patent Owner could have petitioned to have the rejection denominated as a new ground of rejection and prosecution reopened.

As to claim 7, the Patent Owner does not provide any separate arguments as to its patentability. As to claims 2 and 3, the Patent Owner observes that these claims require control arms that are even shorter than that of claim 1, and further notes that claims 9-11 and 13 differ from claim 1 (ABPO 25-26). However, the Patent Owner does not proffer arguments with respect to these claims that substantively differ from those considered.

In view of the above, the Examiner has set forth a *prima facie* case of obviousness with respect to Rejection 5 which was not rebutted by Patent Owner considering the totality of the evidence. We therefore affirm the Examiner. The Patent Owner relies on the same arguments with respect to Rejections 6-8, 26-28 and 31 (ABPO 26-27, 46-47) which are also principally based on the combination of Wright in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798. Thus, we affirm those rejections as well.

### Rejections 9-12, 29, 30 and 32

Rejections 9-12, 29, 30 and 32 are all principally based on the combination of Velke '031 in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798. Both of the independent claims 1 and 9, as well as claims 2, 3, 7, 10, 11 and 13 that ultimately depend therefrom, stand rejected in

20

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

Rejection 9 as unpatentable over the combination of Velke '031, Cox,
Musgrave, Busboom, Hale '536 and Hale '798 (RAN 14-17).

    The Examiner's rejection is substantively similar to Rejection 5 except
that prior art reference Velke '031 is substituted for Wright (RAN 17; ABPO
27, 28). In particular, the Examiner finds that Velke '031 teaches a zero turn
radius mower with a foot platform wherein height of cut is adjusted by
changing the mounting each front caster wheel and wheel/drive motor using
mounting holes (FF 7A, 7C). Hence, Velke '031 differs from Wright
discussed *supra* in that Velke '031 does disclose an HOC adjustment
mechanism. The Examiner concludes that using the HOC adjustment
mechanism of Busboom instead of that provided in Velke '031 is a "mere
substitution of known mechanisms for making mower decks vertically
moveable or adjustable and to incorporate the added bonus of ease of
adjustment to Velke ['031]." (RAN 15). As to the provision of a control arm
and the length thereof, the disagreement and arguments between the Patent
Owner and the Examiner are substantively the same as those discussed *supra*
relative to Rejection 5 (RAN 15-RAN 17; ABPO 27-33).

    For the reasons substantially similar to those already discussed *supra*
relative to Rejection 5, we find no error in the Examiner's rejection. We
further add that providing ease of adjustment as articulated by the Examiner
is another rational reason for implementing the HOC adjustment mechanism
of Busboom that uses a lever, the HOC adjustment in Velke '031 of
adjusting each wheel height being cumbersome in comparison (*see* Resp. Br.
R 18-19). We further agree with the Examiner that modification of the

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

length of the control arm would have been obvious to one of ordinary skill in the art for the reasons already discussed.

Correspondingly, we find that the Examiner has set forth a *prima facie* case of obviousness with respect to Rejection 9 and we sustain the same. The Patent Owner relies on the same arguments with respect to Rejections 10-12, 29, 30, 32 (ABPO 33-34, 47-48) which are also principally based on the combination of Velke '031 in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798. Thus, we affirm those rejections as well.

### Rejections 14 and 15

Rejections 14 and 15 are principally based on the combination of Cox in view of Busboom, Hale '536 and Hale '798. However, we decline to reach these rejections, all of the claims on appeal remaining rejected as obvious principally based on the combination of Wright in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798, and also principally based on the combination of Velke '031 in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798.

### Rejections 16 and 17

Rejections 16 and 17 are principally based on the combination of Musgrave in view of Busboom, Hale '536 and Hale '798. We again decline to reach Rejections 16 and 17, all of the claims on appeal remaining rejected as obvious principally based on the combination of Wright in view of Cox, Musgrave, Busboom, Hale '536 and Hale '798, and also principally based on

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

the combination of Velke '031 in view of Cox, Musgrave, Busboom, Hale
'536 and Hale '798.

## CONCLUSIONS

1.      The Examiner did not err in concluding that the claims are
obvious principally based on the combination of Wright in view of Cox,
Musgrave, Busboom, Hale '536 and Hale '798, and thus, Rejections 5-8, 26-
28 and 31 are AFFIRMED.

2.      The Examiner did not err in concluding that the claims are
obvious principally based on the combination of Velke '031 in view of Cox,
Musgrave, Busboom, Hale '536 and Hale '798, and thus, Rejections 9-12, 29,
30 and 32 are AFFIRMED.

3.      We do not reach Rejections 14 and 15.

4.      We also do not reach Rejections 16 and 17.

5.      We further do not reach the Cross-Appeal of the Requester.


Requests for extensions of time in this *inter partes* reexamination
proceeding are governed by 37 C.F.R. §§ 1.956.


## AFFIRMED

Appeal 2013-002864
Reexamination Control 95/001,741
US 6,438,931 B2

PATENT OWNER:

NIXON & VANDERHYE PC
901 North Glebe Road
11th Floor
Arlington, VA  22203

THIRD PARTY REQUESTER:

James W. Miller
527 Marquette Avenue
Suite 1960, Rand Tower
Minneapolis, MN  55402

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,741 | 09/06/2011 | 6,438,931 | 26.0.3.317/A | 3341 |

7590    02/14/2014
NIXON & VANDERHYE PC
901 NORTH GLEBE ROAD
11th FLOOR
ARLINGTON, VA 22203

| EXAMINER |
|---|
| JASTRZAB, JEFFREY R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/14/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

THE TORO COMPANY
Requester, Cross-Appellant, Respondent

v.

WRIGHT MANUFACTURING, INC.
Patent Owner, Appellant, Respondent

Appeal 2013-002864
*Inter partes* Reexamination Control 95/001,741
Patent US 6,438,931 B2
Technology Center 3900

*Before* RICHARD M. LEBOVITZ, JEFFREY B. ROBERTSON and
DANIEL S. SONG, *Administrative Patent Judges*.

SONG, *Administrative Patent Judge*.

DECISION ON REQUEST FOR REHEARING

The Patent Owner filed PATENT OWNER'S REQUEST FOR
REHEARING on July 19, 2013 (hereinafter "Rehearing Request" or "Rhrg.
Req.") under 37 C.F.R. § 41.79 seeking rehearing of our Decision mailed
June 21, 2013 (hereinafter "Decision" or "Dec.") which affirmed various

Appeal 2013-002864
Reexamination Control 95/001,741
Patent US 6,438,931 B2

final rejections of the claims made by the Examiner.[1]  The Patent Owner
asserts that the Board overlooked various facts and requests modification of
the Decision.

We grant the Rehearing Request to the extent that we consider the
Patent Owner's arguments *infra*, but DENY the request to modify the
Decision.

Preliminarily, we observe that the Requester has filed THIRD PARTY
REQUESTER'S COMMENTS OPPOSING PATENT OWNER'S
REQUEST FOR REHEARING on August 17, 2013 (hereinafter
"Requester's Comments" or "Req. Com.").  Upon consideration, we agree
with the Requester's Comments and cite to portions thereof *infra* as
supplemental to our discussion.

### Velke '031 in View of Cox, Musgrave, Busboom, Hale '536 and Hale '798

The Patent Owner asserts that the Board overlooked the fact that "in
Velke '031 (the base reference) the cutter deck is rigidly connected to the
engine deck 3" so that "[t]here can be no relative movement between the
cutter deck and the engine deck 3."  (Rhrg. Req. 1).  Hence, the Patent
Owner concludes that "one of ordinary skill in the art would not have
modified Velke '031 by adding Busboom's stabilizing rod ... because there

---

[1] A substantially identical Request for Rehearing has been filed with respect
to the Board's decision also mailed June 21, 2013 for Appeal No. 2013-
002900 (Reexamination Control 95/001,742 for Patent US 6,935,093).  The
Board's decision with respect to that Request for Rehearing is being mailed
concurrently herewith.

Appeal 2013-002864
Reexamination Control 95/001,741
Patent US 6,438,931 B2

is no uncontrolled movement [between the cutter deck and the engine deck] to stabilize." (Rhrg. Req. 1; *see also* Rhrg. Req. 2).

The Patent Owner misapprehends the fact that the main rejection based on Velke '031 is not based on merely incorporating Busboom's stabilizer rod into the mower of Velke '031. Rather, the rejection is based on implementing the height-of-cut (hereinafter "HOC") adjustment mechanism of Busboom into the mower of Velke '031 (Dec. 21 *citing* Right of Appeal Notice (hereinafter "RAN") 15-17; *see also* Req. Com. 2-3). As first explained in the Decision with respect to the rejection based principally on Wright '138, the HOC adjustment mechanism of Busboom would include the chain links and the stabilizing rods (Dec. 15-16). The reasons articulated by the Examiner for the combination based on Velke '031 are that: using the HOC adjustment mechanism of Busboom is merely a substitute for changing the mounting of each wheel which is disclosed in Velke '031; and such combination would provide ease of adjusting the HOC as compared to the adjustment disclosed in Velke '031 (Dec. 21; RAN 15-17). We agreed with the Examiner, the reasons articulated being rational and sufficient to support the conclusion of obviousness (Dec. 21-22; *see also* Req. Com. 3).

The Patent Owner argues that Velke '031 "already has a system for adjusting the height-of-cut" so that there would be no reason to replace it with the HOC adjustment mechanism of Busboom (Rhrg. Req. 3). However, as noted *supra* and pointed out in the Decision, the HOC adjustment mechanism of Busboom which uses a lever that is simply grasped by the user and moved to adjust the HOC would make such adjustment easier as compared to the cumbersome method disclosed in

3

Appeal 2013-002864
Reexamination Control 95/001,741
Patent US 6,438,931 B2

Velke '031 wherein the height of each wheel must be adjusted separately
(Dec. 21).

The Patent Owner further asserts that the stabilizing purpose of
Busboom's control arm requires it to be long in order to reduce movement of
the cutter deck thereby teaching away from the claims that require short
control arms which would reduce the stabilizing function (Rhrg. Req. 3).
However, the Patent Owner's assertion is not explained or substantiated by
persuasive evidence. Our understanding is that control arms such as those
disclosed in Busboom and the subject '248 patent are rigid structural
members which are pivotally mounted to the mower deck and the frame. It
is not apparent how shortening a control arm so as to be appropriately
dimensioned for a smaller mower as set forth in the rejection would reduce
the stabilizing function of the control arm.

### Wright '138 in View of Cox, Musgrave, Busboom, Hale '536 and Hale '798

The Patent Owner initially asserts that the Board overlooked the fact
that "both parties agreed at the Oral Hearing that in Wright '138 (the base
reference) the cutter deck 9 is probably rigidly connected to the engine deck
13 so that the cutter deck 9 and engine deck 13 move together as one unit."
(Rhrg. Req. 5). The Patent Owner argues that "this agreement as to the
content of Wright '138 cannot be ignored" and "[t]he Board's Finding of Fact
1(B) improperly ignores this agreement." (*Id.*). The Patent Owner also
argues that Wright '138 does not include chains and the cutter deck is
already structurally connected to the engine deck and the frame so that there

4

Appeal 2013-002864
Reexamination Control 95/001,741
Patent US 6,438,931 B2

is no need to stabilize anything by adding Busboom's control arm (Rhrg.

Req. 5-6). The Patent Owner's arguments are unpersuasive.

Firstly, facts are established by the evidence, not by mere "agreement"
between the parties. Secondly, Finding of Fact 1.B. was that Wright '138

> does not disclose the manner in which the mower deck is
> mounted/connected to the frame and engine deck, or require
> that the mower deck be fixed in position relative to the engine
> deck so as to preclude relative movement therebetween.

(Dec. 5, FF 1.B.).
In other words, Wright '138 does not disclose sufficient detail to allow a

determination that there is no relative movement between the mower deck

and the engine deck. The factual finding was neither that Wright '138

discloses relative movement, nor that it discloses no relative movement.

Thirdly, the Patent Owner itself conceded the possibility that the
mower deck Wright '138 may be mounted and connected to the engine deck/
frame in a manner which allows for relative movement therebetween (Dec.
16 *citing* Resp. Br. PO 11-12; *see also* excerpts from the Oral Hearing set
forth in Dec. 16, n.6 and Req. Com. 5).

The conclusion drawn in the Decision was that "while Wright
suggests including a mechanism for adjusting the height of cut [], it does not
actually disclose a specific mechanism for doing so (FF 1B-1D)." (Dec. 11;
*see also* Req. Com. 4-5). The Patent Owner's erroneous assertion regarding
the disclosure of Wright '138 notwithstanding, the Patent Owner again
misapprehends the basis of the main rejection based on Wright '138 that was
affirmed in the Decision by arguing that Wright '138 does not include chains
so there is no need for stabilization by adding Busboom's control arm (Rhrg.
Req. 5-6).

Appeal 2013-002864
Reexamination Control 95/001,741
Patent US 6,438,931 B2

As noted, Wright '138 does not disclose a mechanism for adjusting

HOC (Dec. 14; Dec. 5, FF 1B-1D). Hence, we explained,

> [a]bsent such information, one of ordinary skill in the art would
> have logically considered known HOC adjustment mechanisms
> to implement in the mower of Wright. Busboom is one such
> known mechanism. When implementing the HOC adjustment
> mechanism of Busboom in the mower of Wright, we agree with
> the Examiner (RAN 4) that it would have been obvious to
> provide control arms that are sized to be appropriate to the
> application so that when applied to the compact standing
> mower of Wright which has a compact frame, the control arms
> would be shorter than that disclosed in Busboom. (RAN 5).

(Dec. 14).

Finally, the Patent Owner argues that there are no chains in Cox or

Musgrave either so that there is nothing to stabilize (Rhrg. Req. 7).

However, the Patent Owner again misses the point that Wright '138 does not

disclose a mechanism for HOC adjustment, and that the affirmed rejection is

based on using the known HOC adjustment mechanism of Busboom.


## REHEARING DECISION

While we have considered the Decision in light of the Request for

Rehearing, and have elaborated on certain aspects of the Decision, we

decline to modify it in any respect.


## DENIED

Appeal 2013-002864
Reexamination Control 95/001,741
Patent US 6,438,931 B2

ack
PATENT OWNER:

NIXON & VANDERHYE PC
901 North Glebe Road
11th Floor
Arlington, VA 22203

THIRD PARTY REQUESTER:

James W. Miller
527 Marquette Avenue
Suite 1960, Rand Tower
Minneapolis, MN 55402

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Attorney Docket No. 26.0.3.317/A

| | |
|---|---|
| In re: James D. Velke et al. | ) |
| | ) |
| Reexam Control No.: 95/001,741 | )   Art Unit 3993 |
| | ) |
| Filed:  September 6, 2011 | )   Examiner Jeffrey R. Jastrzab |
| | ) |
| Patent No.    6,438,931 | ) |

## THIRD PARTY REQUESTER'S ELECTION UNDER 37 C.F.R §1.983 TO PARTICIPATE IN PATENT OWNER'S APPEAL TO THE FEDERAL CIRCUIT

Director of the U.S. Patent and Trademark Office
Office of the General Counsel
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA   22313-1450

Sir:

Pursuant to 37 C.F.R §1.983 and following the Notice of Appeal to the United States Court of Appeals for the Federal Circuit filed by the Patent Owner, namely Wright Manufacturing, Inc., on April 14, 2014, the Third Party Requester herein, namely The Toro Company, hereby submits this election to participate in the Patent Owner's Appeal to the Federal Circuit.

Three copies of this Election to Participate have been filed with the clerk for the U.S. Court of Appeals for the Federal Circuit as required by Fed. Cir. R. 15.

It is not believed that any fee is due on account of the filing of this Election to Participate. However, should any fee be due, such fee should be charged to Deposit Account 20-1315 of The Toro Company.

April 25, 2014                           Respectfully submitted,

James W. Miller
Registration No. 27,661
Suite 1960 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
Telephone (612) 338-5915

## CERTIFICATE OF MAILING UNDER 37 CFR § 1.8.

I hereby certify that this correspondence is being deposited with the United States

Postal Service with sufficient postage as first class mail in an envelope addressed to:

Office of the General Counsel
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA  22313-1450

on April 25, 2014.

By: _____

James W. Miller
Registration No. 27,661

## CERTIFICATE OF SERVICE

It is certified that a copy of the foregoing Third Party Requester's Election Under
37 C.F.R §1.983 To Participate In Patent Owner's Appeal To The Federal Circuit has
been served in its entirety on the Patent Owner as provided in 37 CFR 1.248 using first
class US mail with sufficient postage. The name and address of the party served and the
date of service are:

Joseph A. Rhoa
Nixon & Vanderhye
901 North Glebe Road
11th Floor
Arlington, VA  22203

Date of Service: April 25, 2014    By: _____

James W. Miller
Registration No. 27,661

3